NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0670n.06

No. 11-4328

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 22, 2012*

LEONARD GREEN, Clerk

HECTOR AYON, )
)
    Plaintiff-Appellant, )
)
v. )
)
NORTHEAST OHIO CORRECTIONAL )
CENTER; RUDDIE RUSHING, Warden, )
)
    Defendants-Appellees. )
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.*

PER CURIAM. Hector Ayon, a federal prisoner proceeding *pro se*, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983, but construed by the district court as being filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Ayon is incarcerated at the Northeast Ohio Correctional Center, which is owned and operated by Corrections Corporation of America. The Federal Bureau of Prisons has contracted with Corrections Corporation to house and provide services to federal prisoners. In September 2010, Ayon alleged that prison officers deployed tear gas as part of a training exercise. During the exercise, tear gas seeped into the housing unit's ventilation system, causing Ayon to experience difficulty breathing. Ayon was unable to evacuate his locked cell for hours. Once evacuated, he was not treated for gas inhalation. Ayon did file grievances, but the grievances were denied.

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Ayon filed his complaint pursuant to section 1983, alleging that the defendants denied him due process and subjected him to cruel and unusual punishment. The district court construed Ayon's complaint as a *Bivens* action because there was no allegation under color of state law. Ayon also brought a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), alleging that the defendants were negligent in their use of the tear gas. The district court dismissed Ayon's action for failure to state a claim. Ayon now argues that the district court erred in construing his section 1983 claims under *Bivens* and in dismissing his action.

We review the district court's judgment *de novo*. *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008). In order to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The district court properly construed Ayon's complaint under *Bivens* because a *Bivens* action arises out of a violation of an individual's federal constitutional rights by one who is acting under color of federal law. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 n.1 (6th Cir. 2000).

The district court properly held that the prison cannot be sued for damages under *Bivens*. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 n.2 (2001). Nor is there a *Bivens* remedy against Warden Ruddie Rushing because state tort remedies are available. *See Minneci v. Pollard*, 132 S. Ct. 617, 625-26 (2012).

The district court also properly dismissed Ayon's Federal Tort Claims Act allegation. Under the statute, the United States has waived its sovereign immunity for the negligent acts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). Independent contractors are not government employees. *See United States v. Orleans*, 425 U.S. 807, 813–14 (1976). Therefore, the United States is not liable for the acts of Corrections Corporation or its employees. *See id.* at 816.

The judgment of the district court is affirmed.